**UNITED STATES of America**

v.

**David Albert BONIELLA, Appellant.**

**No. 07–3948.**

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6 Sept. 18, 2008.

Filed Oct. 21, 2008.

Robert L. Eberhardt, Esq., Pittsburgh, PA, for Appellee.

David Albert Boniella, Belle Vernon, PA, pro se.

Before AMBRO, FUENTES AND JORDAN, Circuit Judges.

OPINION

PER CURIAM.

David Albert Boniella appeals from an order of the United States District Court for the Western District of Pennsylvania, which denied his "Petition for Sealing of Conviction by Court Discretion." In his petition, Boniella sought "sealing" of his criminal conviction, noting that the matter had been "satisfied in 1999" and that the conviction made it "almost impossible to secure substantial and stable employment for life." The District Court denied the petition, and Boniella timely appealed.

In his notice of appeal and argument regarding possible summary action, Boniella asks that we remand the action to the District Court and order it to seal his conviction, or that we take action to either seal the conviction or set aside his conviction and restore his civil rights.

We have jurisdiction to consider an appeal from the final order of the District Court. 28 U.S.C. § 1291. However, neither this Court nor the District Court has jurisdiction to seal or expunge a conviction where there is no challenge to the validity of the conviction or arrest. *United States v. Rowlands,* 451 F.3d 173, 178 (3d Cir.), *cert. denied,* 549 U.S. 1032, 127 S.Ct. 598, 166 L.Ed.2d 431 (2006).[1] We do not have jurisdiction to consider an expungement on the basis that a defendant is having difficulty in finding or retaining employment. *Id.*

We therefore will affirm the District Court's order.

---

1. Although Boniella uses the term "seal," he essentially seeks expungement. "Although different states may define expungement' differently, 'in general when a defendant moves to expunge records, she asks that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself.'" *Rowlands,* 451 F.3d at 176 (quoting *United States v. Crowell,* 374 F.3d 790, 792 (9th Cir.2004)).